IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN ISOM, | : | |
| Plaintiff, | : | CIVIL NO. 4:CV-07-0946 |
| v. | : | (Judge Jones) |
| JANINE DONATE, *et al.*, | : | |
| Defendants. | : | |

**MEMORANDUM**

October 14, 2008

Plaintiff Shawn Isom, an inmate presently confined at the Pike County Correctional Institution, initiated this action *pro se* by filing a Complaint pursuant to the provisions of 42 U.S.C. § 1983. Presently before the court is a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 filed on behalf of Defendants. (Doc. 18.) For the reasons set forth below, the Motion will be granted.

## I. BACKGROUND

In his Complaint (Doc. 1), filed on May 24, 2007, Isom alleges that, while he was an inmate at the Lackawanna County Prison ("LCP"), Warden Janine Donate was notified of Counselor Peter White's failure to respond to Isom's grievances and requests and also was contacted directly to correct library deficiencies. (*See* Doc. 1 at 1.) He alleges that Warden Donate failed to respond or take action to correct the

alleged library deficiencies. (*See id.*) He specifically complains that no legal assistance was available from the staff person assigned to the LCP law library and that the library did not contain sufficient legal volumes. (*See id.* at 3-4.) In addition to Warden Donate, Isom names Captain Chiarelli, Timothy Betti, and the Office of the Lackawanna County Commissioners as Defendants. (*See id.* at 1-2.) Isom alleges that Chiarelli is responsible for the selection of the law librarian and supply issues; Betti has the final say on the selection of the law librarian; and that the Office of the Lackawanna County Commissioners is responsible for library funding. (*See id.* at 2.)

Isom filed a Motion for Summary Judgment (Doc. 4) and a supporting brief (Doc. 5) contemporaneously with his Complaint. By Order dated June 18, 2007 (Doc. 8), his Motion was denied as premature because it was filed less than twenty (20) days after the commencement of this action. *See* Fed. R. Civ. P. 56(a).

Service of Isom's Complaint was directed by Order dated August 17, 2007. (Doc. 9.) On November 7, 2007, Defendants filed an Answer. (Doc. 11.) By Order dated February 21, 2008, the deadline for the close of discovery was set for April 15, 2008, and the deadline for the filing of dispositive motions was set for May 1, 2008. (Doc. 12.)

On March 3, 2008, the February 21, 2008 Order that was mailed to Plaintiff at the Lackawanna County Prison was returned as undeliverable with the notation "inmate not at this facility." (Doc. 13.) The Clerk of the Court then contacted the Lackawanna County Prison and was informed that Plaintiff had been transferred to the Pike County Correctional Facility. Accordingly, on March 4, 2008, Plaintiff's address was updated on the docket to reflect that he is confined at the Pike County Correctional Facility, and the February 21 Order was re-mailed to him.

On July 14, 2008, Defendants filed a Motion to Dismiss for lack of prosecution (Doc. 15) on the basis that Isom failed to provide the Court with his new address upon his discharge from the LCP in accordance with the Court's Standing Practice Order (Doc. 7). On July 23, 2008, the Court denied Defendants' Motion because Isom's updated mailing address had been available on the docket since March 4, 2008. (Doc. 17.) The July 23 Order provided continued the deadline for the filing of dispositive motions to August 15, 2008.

On August 15, 2008, Defendants filed the instant Motion for Summary Judgment (Doc. 18), a supporting Affidavit (Doc. 19), a Statement of Facts (Doc. 20), and a supporting brief (Doc. 21). Isom failed to file any opposition to the Motion, and therefore, by Order dated September 8, 2008, he was directed to file his

opposition brief and counter-statement of facts within fifteen (15) days. (Doc. 23.) He was warned that his failure to do so would result in the Motion being deemed unopposed and addressed on the merits. The time period to submit the opposition has long expired, and Isom has failed to oppose the Motion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial. *Id.* at 325.

Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). A factual dispute is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is material if

proof of its existence or nonexistence might affect the outcome of the suit under the applicable substantive law. *Id.* at 248.

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).

Isom failed to submit any opposition to Defendants' Motion for Summary Judgment, and therefore, the Motion is deemed unopposed. Moreover, because Isom has failed to file a separate statement of material facts controverting the statement filed by Defendants, all material facts set forth in Defendants' Statement of Undisputed Material Facts (Doc. 20) will be deemed admitted. *See* M.D. Pa. LR 56.1. Even though Isom has not opposed the Motion, the Court still must determine whether Defendants are entitled to summary judgment as a matter of law. *See Lorenzo v. Griffith*, 12 F.3d 23, 38 (3d Cir. 1993); *Anchorage Associates v. Virgin Islands Board of Tax Review*, 922 F.2d 168, 174-75 (3d Cir. 1990).

## III. DISCUSSION

### A. Undisputed Facts

Defendants' Statement of Undisputed Facts (Doc. 20) and supporting materials[1] establish the following:

At the time he filed his Complaint in this action on May 24, 2007, Plaintiff was an inmate at the LCP. (Doc. 20 ¶ 1.) His Complaint states that he generally is dissatisfied with the adequacy of the books provided to prisoners in the LCP law library. (*Id.* ¶ 2.) However, Plaintiff does not allege in his Complaint that any adverse actions were taken against him or that he suffered prejudice as a result of the alleged inadequacy of the resources in the LCP law library. (*Id.* ¶ 3.)

At all times material to this action, Warden Donate has been the warden of the LCP and has maintained a law library for prisoners incarcerated at the LCP. (Doc. 19-1 ¶¶ 1, 2.) At all times material to this action, the prisoners were granted six (6) hours per week of law library time to engage in appropriate research. (*Id.* ¶ 4.) In December 2006, the Lexis/Nexis Computer Research Program was installed in computers at the LCP, and inmates have had access to that legal research tool since

[1]The evidentiary materials submitted by Defendants include the supporting Affidavit of Warden Janine Donate (Doc. 19-1), and the Exhibit attached to the Affidavit detailing the legal research resources available in the LCP library (Doc. 19-2).

that time. (*Id.* ¶ 5.) The majority of the legal volumes available in the LCP as of August 14, 2008, including the second and third volumes of the Federal Reporter, the Pennsylvania Rules of Court, the United States Code Annotated, and Federal Practice and Procedure, also are fully accessible on computers in the LCP library via Lexis/Nexis. (*See* Doc. 19-2.)

**B. Analysis**

Isom claims that the resources in the LCP law library were inadequate and that Warden Donate failed to respond or take action with regard to his complaints about this issue.

Prison inmates have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). This right "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828. In *Lewis v. Casey*, 518 U.S. 343 (1996), the Court clarified that "[t]he tools [*Bounds*] requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." 518 U.S. at 355.

In order to sustain a claim for denial of the right of access to the courts based on an inadequate law library, an inmate must demonstrate that he suffered an "actual injury." *Id.* at 349; *see also O'Connell v. Williams*, 241 Fed. Appx. 55, 57 (3d Cir. 2007). In other words, "an inmate cannot establish a relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Id.* at 351. A plaintiff must assert an actual injury by identifying the nonfrivolous, arguable underlying claim compromised by the alleged denial of access. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 343). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Id.* The underlying claim must be described with enough specificity "to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope ." *Id.* at 416.

Isom has failed to submit any evidence to establish that the access to Lexis/Nexis provided at the LCP law library, which was available from the time he arrived at that facility in January 2007 through the time he filed his Complaint in May 2007, was inadequate to allow him to attack his sentence or challenge the conditions of his confinement. Moreover, he has not opposed Defendants' Motion by submitting

any evidence to demonstrate that he suffered an actual injury. Therefore, it is clear that Defendants are entitled to summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment (Doc. 18) will be granted. An appropriate Order shall issue on today's date.